IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| M. DENISE TOLLIVER, | § | |
| | § | No. 458, 2022 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. K21-06-040 |
| QLARANT QUALITY | § | |
| SOLUTIONS, INC., RONALD G. | § | |
| FORSYTHE, JR., and DEBORAH | § | |
| KELLER, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: March 24, 2023
Decided: May 19, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the parties' briefs and record on appeal,[1] we conclude that the Superior Court's November 21, 2022 opinion dismissing the complaint and December 12, 2022 order denying the untimely motion for reconsideration should be affirmed. Even assuming that responses to her complaint were due by July 19, 2021 as Tolliver contends, she has not shown that the Superior Court abused its

---

[1] The Court has not considered documents submitted by the plaintiff below-appellant M. Denise Tolliver after briefing was complete. The documents were not available to the Superior Court in the first instance and are outside of the record on appeal. *Delaware Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del.1997) (stating that "[i]t is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court" and striking materials from appendix that were outside of record on appeal).

discretion in denying her motion for default judgment. The defendants below-appellees timely removed the action to the United States District Court for the District of Delaware on July 21, 2021 and obtained an extension from the district court to file their response to the complaint. Within two days of the docketing of the district court's opinion and order remanding the matter in the Superior Court, the defendants filed a proposed briefing schedule for renewal of the motion to dismiss they had filed in the district court. Given these circumstances and the strong policy favoring a decision on the merits over entry of default judgment, the Superior Court did not abuse its discretion in denying Tolliver's motion for default judgment. Nor did the Superior Court err in concluding that Tolliver's complaint failed to establish that defendant below-appellee Deborah Keller was subject to personal jurisdiction in Delaware[2] and failed to state a claim against defendant-below appellee QLarant Quality Solutions, Inc.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] Tolliver does not challenge the Superior Court's holding that defendant below-appellee Ronald G. Forsythe, Jr. was not subject to personal jurisdiction in Delaware.

2